**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANTHONY BOGARD, # R-25141,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 13-cv-428-JPG** |
| | ) | |
| **S.A. GODINEZ, MARC HODGE,** | ) | |
| **CHRISTOPHER WALTZ,** | ) | |
| **VICKIE WALKER, JEREMY KOHN,** | ) | |
| **RICHARD DENSMORE,** | ) | |
| **and SMITH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The action was filed on May 1, 2013, however, through a clerical error, the case was not brought to the attention of the undersigned Judge for a merits review until May 14, 2014.  Plaintiff's claims concern alleged health and safety violations in the dietary department at Lawrence, and retaliatory actions directed at Plaintiff after he filed grievances over those problems.

More specifically, Plaintiff claims that while he was employed in the Lawrence dietary department, he witnessed health hazards including contaminated and undercooked food, unsanitary utensils, and discolored drinking/cleaning water (Doc. 1, p. 2).  He complained to Defendants Waltz, Walker, Kohn (dietary supervisors) and Densmore (dietary manager) about these and other conditions which posed health and safety hazards to the prisoners.  Rather than address the problems, Defendants Waltz and Walker attempted to stop Plaintiff from

complaining.  Defendant Walker threatened Plaintiff's job if he kept up the complaints (Doc. 1, p. 2).

Plaintiff ceased his verbal complaints, but began to file daily written grievances each time he observed an unsanitary or unsafe condition.  Many grievances were never answered or returned.  On February 10, 2012, Plaintiff saw another inmate worker cut his finger while opening a pan of coleslaw (Doc. 1, pp. 2-3).  The inmate put his bleeding hand into the coleslaw and then continued to serve it to the prisoners.  Plaintiff reported the incident to Defendant Smith, who took the inmate off serving duty, but continued to allow the contaminated food to be served to the prisoners in the chow line.  Plaintiff filed a grievance over this incident, and it was not returned to him until after the time frame to appeal it had expired.

On February 20, 2012, another inmate heard Plaintiff talking about filing a grievance over the dietary conditions, and reported this to Defendants Waltz and Walker.  Those two Defendants later confronted Plaintiff and threatened him with some unspecified retaliation if he filed a grievance.  Plaintiff filed his grievance (No. 03-12-182) anyway, and it was denied.  A few days later, Defendant Waltz instructed Plaintiff's housing unit correctional officer (C/O) not to allow Plaintiff out for work.  Plaintiff then was issued a disciplinary report for failing to report for work.  As a result, he was fired from the dietary job and incurred other disciplinary sanctions.  Plaintiff in fact had never refused to work.  Several other prisoners had attempted to get the C/O to allow him out, without success (Doc. 1, p. 3).

Plaintiff later asked Defendant Waltz why he had ordered the C/O not to allow him out to work.  Defendant Waltz responded that Plaintiff had complained too much and he was not going to put up with it.  When Plaintiff told Defendant Waltz he would write a grievance, Defendant Waltz threatened to write a disciplinary report on him.  Plaintiff did file a grievance, but never

got a response.

Plaintiff alleges that Defendants Godinez (Director of the Illinois Department of Corrections – IDOC) and Hodge (Lawrence Warden) should be held responsible for the dietary supervisors' failure to remedy the health/safety hazards, and claims that they have "established a custom or practice of health and safety hazards in the dietary at Lawrence" (Doc. 1, p. 4). Further, they failed to investigate or require the grievance officer to investigate and review video evidence after Plaintiff filed his grievance over the retaliatory action taken by Defendant Waltz.

Plaintiff seeks injunctive relief and damages for the Defendants' deliberate indifference to the serious health risks posed by the unsanitary dietary conditions,  as well as for retaliation and intentional infliction of emotional distress (Doc. 1, pp. 5-6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

**Count 1:**  Eighth Amendment claim against Defendants Waltz, Walker, Kohn, Densmore, and Smith, who refused to remedy unsanitary and hazardous conditions in the Lawrence dietary department, with deliberate indifference to the serious risks to Plaintiff's health and safety from contaminated food and water;

**Count 2:**  First Amendment claim against Defendant Waltz for causing Plaintiff to lose his dietary job and incur disciplinary consequences, in retaliation for Plaintiff's complaints and grievances against Defendant Waltz and other dietary staff.

In addition, Plaintiff has articulated the following state law claim which shall receive further review pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a):

**Count 3:**  Intentional Infliction of Emotional Distress claim against Defendant Waltz, for retaliating against Plaintiff by causing him to be fired from his prison job and to incur discipline,

with the intent to cause Plaintiff to suffer severe emotional distress.

However, Plaintiff's allegations against Defendants Godinez and Hodge for failing to correct the health and safety hazards **(Count 4)** and failing to investigate grievances or require other staff to do so **(Count 5)** do not state a constitutional claim upon which relief may be granted, and shall be dismissed.  Further, the complaint does not indicate that Defendant Walker was personally involved in the retaliation described in Counts 2 and 3, thus Plaintiff may not maintain those claims against her.

## Count 1 – Deliberate Indifference to Risks from Contaminated Food

The Eighth Amendment's protection against cruel and unusual punishment is implicated if a prison inmate is deprived of a basic human need such as food, medical care, sanitation, or physical safety.  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  Such a claim for unconstitutional conditions of confinement has both an objective and subjective component.  *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991).  First, the objective condition(s) must result in an unquestioned and serious deprivation of basic human needs or deprive an inmate of the minimal civilized measure of life's necessities.  *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

The subjective component of unconstitutional punishment focuses on the intent with which the acts or practices constituting the alleged punishment are inflicted, which is deliberate indifference to the inmate's health or safety.  The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In his complaint, Plaintiff describes repeated instances where he notified Defendants Waltz, Walker, Kohn, Densmore and/or Smith of serious health hazards in the dietary department, yet they took no steps to mitigate these conditions.  Plaintiff and other inmates were served food which was contaminated with hair and human blood, undercooked, and served in unsanitary containers, all of which endangered their health.  Likewise, the water used for drinking and cleaning the trays, cups, and utensils appeared to be contaminated.  The pleading satisfies both the objective and subjective components of an Eighth Amendment claim.

It is not clear whether Plaintiff suffered any actual illness or injury traceable to the unsanitary food-preparation conditions.  However, the Seventh Circuit has recognized that a prisoner may maintain a claim for having been placed at risk of disease or physical harm from his conditions of confinement, even if no actual physical injury resulted.  *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm).  Accordingly, Count 1 may proceed against dietary staff Defendants Waltz, Walker, Kohn, Densmore and Smith.

## Count 2 – Retaliation

Although Plaintiff asserts that both Defendant Waltz and Defendant Walker verbally threatened to take action against him in retaliation for his complaints and grievances, only Defendant Waltz actually carried out the threat.  In order to maintain a claim for retaliation, an inmate must have experienced a retaliatory *action* such as would deter him from engaging in the protected activity that prompted the retaliation.  *See Bridges v. Gilbert*, 557 F.3d 541, 551-52 (7th Cir. 2009); *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  A mere verbal threat such as Defendant Walker made to Plaintiff is not a retaliatory action.

According to the complaint, Defendant Waltz (via orders to the unnamed correctional officer) caused Plaintiff to be confined to his cell and ultimately to be fired for failing to report to his assignment.  Plaintiff does not describe any involvement of Defendant Walker in this sequence of events.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Because there is no indication that Defendant Walker was personally involved in the retaliatory actions that caused Plaintiff to be fired, Plaintiff cannot maintain this claim against her.

The retaliation claim in Count 2 shall proceed only against Defendant Waltz.

## Count 3 – Intentional Infliction of Emotional Distress

For the reasons discussed in Count 2, this state law claim may also proceed only against Defendant Waltz, who engaged in the allegedly extreme and outrageous behavior.  Defendant Walker is dismissed from this claim, because Plaintiff does not claim that she took any actions that caused him to be fired and thus suffer emotional distress.

## Dismissal of Count 4 – Supervisory Liability for Dietary Health Hazards

The doctrine of *respondeat superior*, or supervisory liability, is not applicable to § 1983 civil rights actions.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  Plaintiff alleges that Defendants Godinez and Hodge failed to take action to ensure that Plaintiff and other prisoners were not subjected to the hazards created by the dietary-staff Defendants, and their non-action "effectively adopted a custom or practice of health and safety violations" by the other Defendants (Doc. 1, p. 5).  All these allegations boil down to the theory that Defendants Godinez and Hodge did not effectively supervise the other Defendants.  This is

not sufficient to impose liability on them; instead, a supervisor must have been personally

involved in the conduct which caused the constitutional deprivation. *Sanville*, 266 F.3d at 740;

*see also Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

If a supervisor directed the conduct or gave knowing consent to the conduct which caused

the constitutional violation, that defendant has sufficient personal involvement to be responsible

for the violation, even though that defendant has not participated directly in the violation.

*Chavez*, 251 F.3d at 652 ("The supervisors must know about the conduct and facilitate it,

approve it, condone it, or turn a blind eye for fear of what they might see.").  In the instant

complaint, Plaintiff claims that Defendants Godinez and Hodge were "bound to have noticed

what was going on" in the dietary department, after Plaintiff informed them of his complaints

(Doc. 1, p. 5).  But Plaintiff describes no direct contact with either Defendant, leaving the Court

to conclude that the only way for these Defendants to have known about Plaintiff's complaints

would be from reviewing his grievances.  Because Plaintiff states that he only rarely had any

response to his grievances, the breakdown in that process suggests that the routine grievances

failed to make Defendant Hodge or Godinez aware of the health hazards.  Thus, the Court cannot

conclude based on this complaint that either Defendant Hodge or Defendant Godinez knowingly

approved, condoned, or ignored the alleged misconduct of the dietary Defendants.  Without

sufficient indication of their personal involvement in subjecting Plaintiff to health risks, the

claims against Defendants Hodge and Godinez shall be dismissed without prejudice.

However, even though no substantive claim is stated against Defendant Hodge, he shall

remain in the action at this time.  Plaintiff is seeking injunctive relief in relation to conditions at

Lawrence, where Defendant Hodge is the warden.  *See Gonzalez v. Feinerman*, 663 F.3d 311,

315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official

responsible for ensuring any injunctive relief is carried out).

## Dismissal of Count 5 – Supervisory Liability for Retaliation due to Deficient Grievance Procedures

Plaintiff seeks to hold Defendants Godinez and Hodge liable for the retaliation he experienced at the hands of Defendant Waltz, on the theory that they failed to properly train or supervise the grievance officers to investigate complaints, which created an atmosphere where prison officials could retaliate against prisoners without fear of consequences.  Again, this claim is in essence an attempt to hold Defendants Godinez and Hodge responsible as supervisors for the unconstitutional actions of a subordinate.  The law is clear that no such liability can be imposed in a civil rights action – personal involvement in the retaliation is required.  *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Furthermore, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause").  Thus, any failure to investigate Plaintiff's grievances, or any other action or inaction with regard to the grievance procedure on the part of Defendants Godinez or Hodge will not support an independent constitutional claim.

For these reasons, Count 5 against Defendants Godinez and Hodge shall be dismissed with prejudice.

## Disposition

**COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  **COUNT 5** is **DISMISSED** with prejudice for failure to state a claim

upon which relief may be granted.  Defendant **GODINEZ** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **HODGE, WALTZ, WALKER, KOHN, DENSMORE,** and **SMITH**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 22, 2014**

*s/ J. Phil Gilbert*
United States District Judge